UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAZLEY, | No. 2:12-cv-2436 DAD P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1  The Civil Rights Act under which this action was filed provides as follows:

2  Every person who, under color of [state law] . . . subjects, or causes
3  to be subjected, any citizen of the United States . . . to the
   deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
4  law, suit in equity, or other proper proceeding for redress.

5  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10 omits to perform an act which he is legally required to do that causes the deprivation of which

11 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13 their employees under a theory of respondeat superior and, therefore, when a named defendant

14 holds a supervisorial position, the causal link between him and the claimed constitutional

15 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17 concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S AMENDED COMPLAINT[1]

20      In the present case, plaintiff has named Sheriff Scott Jones and Chief Medical Officer Dr.

21 Pidilla as the defendants in this action.  Plaintiff alleges that he fell sick due to the Hepatitis C

22 virus and did not receive adequate medical treatment for the virus while housed in the Sacramento

23 County Community Correctional Center.  Plaintiff also alleges that while incarcerated medical

24 staff prescribed him a drug to treat his seizure disorder that could have killed him within six

25 months.  Plaintiff claims that the defendants are responsible for providing health care to all

26 prisoners at the facility.  (Am. Compl. at 2.)

---

[1] Before the court had an opportunity to screen plaintiff's original complaint, he filed an amended complaint.  The court will proceed on plaintiff's amended complaint as the operative pleading.

**DISCUSSION**

The allegations of plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. However, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's amended complaint suffers from a number of deficiencies. The court observes that plaintiff has named two supervisory officials as the defendants in this action. However, plaintiff has not alleged what specific acts each defendant engaged in to violate his constitutional rights. As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Starr v. Baca, 652 F.3d 1202, 1207 (9th

1   Cir. 2011) (supervisory defendant may be held liable under § 1983 only "'if there exists either (1)
2   his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal
3   connection between the supervisor's wrongful conduct and the constitutional violation.'")
4   (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

5   Moreover, if plaintiff wishes to present a claim that he received constitutionally
6   inadequate medical care claim he will need to allege in specific terms how any named defendants
7   were "deliberately indifferent" to his serious medical needs in either denying or providing
8   inadequate medical care to him.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (inadequate
9   medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the
10  mistreatment rose to the level of "deliberate indifference to serious medical needs.").  In applying
11  the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a
12  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
13  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
14  cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429
15  U.S. at 105-06).

16  Plaintiff is also informed that the court cannot refer to prior pleadings in order to make his
17  second amended complaint complete.  Local Rule 220 requires that an amended complaint be
18  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
19  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
20  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves
21  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,
22  each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

24  Accordingly, IT IS HEREBY ORDERED that:

25  1. Plaintiff's application to proceed in forma pauperis (Doc. No. 7) is granted.

26  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee
27  shall be collected and paid in accordance with this court's order to the Director of the California
28  Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated:  January 28, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bazl2436.14a